DAVID A. BEATIE, plaintiff in error, *vs.* W. D. BROWN, deputy sheriff, *et al.*, defendants in error.

While it is true, as a general rule, that no judicial interference can be had in any levy or distress for taxes, yet where it happens that the tax collector placed a tax *fi. fa.* in the hands of the sheriff, with instructions to collect the same out of the first money that should come into his hands from the sale of the defendant's property under an execution held by him, and the sheriff did sell property of the defendant for more than enough to pay off the tax *fi. fa.*, under other executions, and application was made to the tax collector for his consent to have this money paid over to such executions, which he refused, and the sheriff thereupon took the responsibility of paying over the money to the levying executions and then of his own motion levied the tax *fi. fa.* upon other property of the defendant without instructions to do so from the tax collector, the sheriff will be enjoined from proceeding

Beatie *vs.* Brown *et al.*

under the tax *fi. fa.* at the instance of a creditor of the defendant, who has attached the property last levied on, who states in his bill that the defendant is insolvent, and that if complainant is deprived of this means of securing this debt by the action of the sheriff, he will lose it, it being apparant that the sheriff levied the tax *fi. fa.* for his own protection and not for the benefit of the State.

2. Notice given to one deputy sheriff by the tax collector, under the circumstances set forth, to satisfy the tax *fi. fa.* with the money first made, is notice to all.

Judicial interference. Tax. Notice. Injunction. Before Judge HOPKINS. Fulton county. At Chambers. May 25th, 1872.

David A. Beatie filed his bill against James O. Harris, sheriff, and A. M. Perkerson and W. D. Brown, deputy sheriffs, praying that the sale of certain property levied on under a tax execution in the hands of the defendant Brown, be enjoined. The bill and affidavits read on the hearing of the application for injunction made the following case:

Hannibal I. Kimball absconded from the State of Georgia, in the fall of 1871, owing to complainant $3,718 75, and has since remained absent from said State in a hopelessly insolvent condition. At the time Kimball left he owned a large amount of property in the city of Atlanta, including the hotel known as the "H. I. Kimball House." On November 13th, 1871, complainant sued out an attachment upon the debt due to him, which was levied upon certain personal property belonging to said Kimball. Kimball had not paid his State and county taxes for the year 1871, amounting to $6,000 or $7,000, and being chiefly the taxes due upon the H. I. Kimball House, which was assessed as of the value of $650,000. In January, 1872, the tax collector issued an execution which was immediately placed in the hands of deputy sheriff W. D. Brown, with instructions to collect the taxes from the first money received from the sale of Kimball's property. On the first Tuesday in February thereafter, A. M. Perkerson, another deputy sheriff, sold the H. I. Kimball House under what were claimed to be mechanics' liens of Healey, Berry

& Co. *et al.,* to Dr. Joseph Thompson, B. H. Hill and George Adair, for the sum of $15,010. Brown notified Perkerson before and at the sale, that the said execution was in his hands for collection, and that the money when received must first be applied to its satisfaction. Before the money was paid out Mr. Hill went to Perkerson and subsequently to the tax collector, and proposed that if Perkerson would pay out the money in discharge of the mechanics' liens first, that he would point out other property upon which no creditor had a lien, from the sale of which the taxes could be made. The tax collector refused to make any such arrangement, as he stated he expected the taxes to be paid from the money already in hand, but Mr. Hill, by indemnifying Perkerson, or by some other means, induced him to appropriate the money to the satisfaction of the mechanics' liens, and at once caused the tax execution to be levied upon the same property upon which complainant's attachment had been previously levied. If the proceeds of this property is applied to the satisfaction of the tax execution, complainant will lose his debt. The bill prayed that the sale under said levy be enjoined, and that said tax execution be entered satisfied.

The Chancellor refused the injunction and complainant excepted, and assigns said ruling as error.

L. E. BLECKLEY; C. F. AKERS, for plaintiff in error. Tax *fi. fa.* has prior lien: Code, sec. 812. Healey, Berry & Co. *et al.,* were not mechanics: Footman *vs.* Pusey, Jones & Co., decided January Term 1872; Code, sec. 1970.

No appearance for defendants.

MONTGOMERY, Judge.

1. This case may be disposed of by the single remark that section 3618 of the Code was intended for the purpose of preventing obstacles in the shape of suits from being interposed between the State and the collection of her revenue, not of being used by parties who may have collected that reve-

nue under the direction of the tax collector, to shield themselves from liability incurred by them by a misappropriation of the fund collected.

2. The notice given by the tax collector to one deputy sheriff to satisfy the tax *fi. fa.* out of the first money made, was notice to all.

Judgment reversed.